**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**James M.,**
**Respondent Below, Petitioner**

**v.) No. 23-450** (22-ICA-165)

**Jennifer M.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner James M.[1] appeals the June 15, 2023, memorandum decision of the Intermediate Court of Appeals (ICA), affirming the Circuit Court of Kanawha County's September 15, 2022, final order, which affirmed the Family Court of Kanawha County's April 20, 2022, "Second Final Order On Review Hearing." *See James M. v. Jennifer M.,* No. 22-ICA-165, 2023 WL 4029216 (W. Va. Ct. App. June 15, 2023) (memorandum decision). James M. asserts that the family court's termination of his parental visitation is equivalent to the termination of his parental rights and that jurisdiction to terminate his parental rights lies solely with the circuit court through an abuse and neglect proceeding pursuant to Chapter 49 of the West Virginia Code. Accordingly, James M. argues that the family court exceeded its jurisdiction in refusing to grant him any parental visitation. Respondent Jennifer M. did not file a response.[2] Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision affirming the lower courts is appropriate. *See* W. Va. R. App. P. 21(c).

James M. and Jennifer M. are the parents to three children who were minors in 2020 and 2021 (hereinafter "the children").[3] On May 7, 2020, Jennifer M. filed a domestic violence petition against James M., and the court granted her a domestic violence protective order. Jennifer M. and the children relocated to North Carolina, and James M. subsequently filed a petition for divorce. During the proceedings before the family court, Jennifer M. filed a motion requesting an in camera interview of the children. The court granted the motion and determined that it would perform the

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' by their last initial rather than their full last name. *See* W. Va. R. App. P. 40(e).

[2] James M. is represented by Timothy J. LaFon, Esq. Jennifer M. is self-represented.

[3] When the underlying proceedings began in 2020, the parties' children were 16, 13, and 11 years old.

1

interview "at the next scheduled hearing," being the final hearing on the divorce, which was scheduled for January 21, 2021. However, the family court interviewed the children on January 4, 2021, prior to the final hearing and without prior notice to James M. James M. moved to strike the interview, but the court denied his motion, and the final hearing proceeded on January 21, 2021.

On February 16, 2021, the family court entered a final divorce order granting sole and exclusive custody of the children to Jennifer M. The order also provided the following directives based upon the family court's interview of the children: the children and James M. were to participate in reunification counseling; James M. was to have no contact with the children outside of reunification counseling; the children were permitted to contact James M. on their own volition; and while James M. was permitted to respond, he was not permitted to initiate communication with the children.

On March 18, 2021, James M. appealed the February 16, 2021, family court order to the circuit court. On appeal, James M. alleged the family court erred by denying him any parental visitation and by failing to conduct the interview of the children in accordance with Rules 8 and 9 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. The circuit court agreed that the interview of the children was not conducted appropriately and remanded the case with instructions to provide each party the opportunity to present topics or questions for consideration as part of the interview process and to place a finding of exceptional circumstances on the record. A second interview of the children by the family court was not conducted.

On June 28, 2021, the family court entered an amended final divorce order. With regard to the interview of the children, the family court found "that the children disclosed very sensitive information about" James M.; the children had witnessed years of domestic violence, with James M. being the aggressor; the children "expressed fear" of James M., and the court was concerned James M. would exact retribution on the children if he heard the interview; and releasing a copy of the interview would be detrimental and cause irreparable harm, which constituted exceptional circumstances. Accordingly, the court sealed the interview of the children. The court repeated the same directives set forth in the initial final divorce order regarding reunification counseling and communications.

Following the entry of the amended final divorce order, James M. filed a motion for an emergency hearing to address counseling and establish visitation. James M. argued that the family court's orders required the parties to participate in reunification counseling, which he asserts he took part in. James M. further argued he was never allowed to visit or have any communication with the children, and the family court had, in effect, terminated his parental rights. After a hearing, the family court entered an order determining the children continued to assert they did not desire contact with James M. The court ordered a psychological evaluator to conduct an interview of the children and supervise visit(s) between James M. and the children to determine if supervised visitation should proceed, and to advise the court whether the visits were healthy for the children.

On April 20, 2022, the family court entered a "Second Final Order On Review Hearing." In that order, the court found that the psychological evaluator had submitted specific findings to

the court that included a determination that "forcing the children" to see James M. "would cause irreparable psychological harm[.]" Based on the totality of the circumstances and the findings by the psychological evaluator, the court concluded that it was not in the best interests of the children "to be forced to have contact with" James M. The court prohibited James M. from initiating contact with the children. On May 19, 2022, James M. appealed the family court's order to the circuit court.

By order dated September 15, 2022, the circuit court affirmed the family court's decision, ruling that the family court did not exceed its jurisdiction when it denied James M. parental visitation. James M. appealed the circuit court's order to the ICA asserting the circuit court erred by affirming the family court's decision to essentially terminate his parental visitation.

The ICA affirmed the circuit court's order affirming the family court by memorandum decision filed June 15, 2023, concluding that the family court was within its discretion to limit James M.'s parental visitation. *See James M.,* 2023 WL 4029216, at *5. The ICA additionally determined that James M.'s assignment of error was resolved by statutory law. West Virginia Code § 48-9-209(a)(3) (2021),[4] provides "upon receipt of credible information thereof, the court shall determine whether a parent who would otherwise be allocated responsibility under a parenting plan . . . [h]as committed domestic violence[.]'" *Id.* Additionally, "if a parent is found to have engaged in domestic abuse, 'the court shall impose limits that are reasonably calculated to protect the child . . . from harm[,]' which includes allocating 'exclusive custodial responsibility to one of [the parents].' W. Va. Code § 48-9-209(b)(1)(c) (2021)." *James M.,* 2023 WL 4029216, at *3.

Referencing the family court's findings about James M.'s domestic violence and the psychological evaluator's recommendation against visitation, the ICA concluded that the family court did not abuse its discretion in denying parental visitation and that its ruling was consistent with the provisions of West Virginia Code § 48-9-402(b)(3)-(4) (2020), which provides, in part, that the family court may modify a parenting plan, without a showing of changed circumstances, when "the modification is in the child's best interests" and is "necessary to accommodate the reasonable and firm preferences of" the child. *James M.,* 2023 WL 4029216, at *4.

The petitioner now appeals to this Court from the ICA's memorandum decision, and our review is guided by the following standard:

> On appeal of a final order of a family court from the Intermediate Court of Appeals of West Virginia, the Supreme Court of Appeals of West Virginia shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Supreme Court of Appeals shall review questions of law de novo.

Syl. Pt. 3, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024).

---

[4] Although the Legislature has since amended the pertinent statute, we apply the statute that was in effect at the time of the underlying events.

3

According to James M., terminating his parental visitation amounts to terminating his parental rights.[5] We agree with the lower courts that this assertion conflates the termination of parental rights in accordance with Chapter 49 of the West Virginia Code with terminating or limiting parental visitation, which is resolved by the provisions of West Virginia Code § 48-9-209. Based on the record evidence, the ICA appropriately determined the family court acted within its authority to allocate sole custody of the children to Jennifer M. and to define the nature and scope of the noncustodial parent's visitation pursuant to West Virginia Code § 48-9-209(a)(3) and 48-9-209(b)(1)(c) (2021). James M. has not demonstrated error or an abuse of discretion related to the family court's denial of his parental visitation. Therefore, the limitations placed on James M. are within the purview and discretion of the family court.

Having reviewed the lower courts' orders and the record on appeal, and for the reasons discussed herein, we affirm.

Affirmed.

**ISSUED:** May 28, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[5] James M. also asserts he was not afforded the ability to rebut the allegations of domestic violence due to not being informed of what was said by the children during their interview before the family court. The ICA found, and we agree, that this issue was not preserved for appeal. *See James M. v. Jennifer M.*, No. 22-ICA-165, 2023 WL 4029216, at *3, n.5 (W. Va. Ct. App. June 15, 2023).